UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LEROY DAVIS, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 18-231 |
| LATOYA CANTRELL, ET AL., | SECTION: "E"(1) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss, filed by Defendants Mitchell J. Landrieu, the City of New Orleans ("the City"), and the New Orleans City Council pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

In 2006, Plaintiff Leroy Davis was struck and injured by a New Orleans Police Department cruiser.[2] He filed a petition for damages against the City in state court, and, in 2009, the court entered a judgment between Plaintiff and the City in the amount of $1,890,872.[3] The City placed the judgment on its list of unpaid judgments,[4] but has yet to pay the judgment.[5]

On January 9, 2018, Plaintiff filed the instant suit.[6] He alleges that, although it is the City's stated policy to pay judgments in the order they are issued, the City has paid three judgments issued later than his.[7] He alleges the City has no rational reason for

---

[1] R. Doc. 23.
[2] R. Doc. 1 at 2–3, ¶ 7; R. Doc. 23-1 at 2.
[3] R. Doc. 1 at 3, ¶¶ 8–9; R. Doc. 23-1 at 2.
[4] R. Doc. 1-6.
[5] R. Doc. 1 at 4, ¶ 10; R. Doc. 23-1 at 2.
[6] R. Doc. 1.
[7] *Id.* at 5, ¶ 15.

1

treating these similarly situated creditors differently.[8] Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging violations of the following provisions of the United States Constitution: (1) the equal protection clause of the Fourteenth Amendment; (2) the contracts clause of Article I, § 10; and (3) the takings clause of the Fifth Amendment.[9] On March 2, 2018, Defendants filed a Motion to Dismiss for Failure to State a Claim.[10] On June 13, 2018, Plaintiff filed an Amended Complaint.[11]

Defendants filed the instant motion on June 27, 2018.[12] They argue Plaintiff does not have standing to request payment of the consent judgment because this Court does not have the authority to compel the City to appropriate funds for the payment.[13] Defendants also argue Plaintiff has failed to state claims under the equal protection clause, the contracts clause, and the takings clause.[14] Plaintiff opposes.[15]

## RULE 12(b)(1) STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[16] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[17] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint

---

[8] R. Doc. 17 at 2, ¶ III.
[9] R. Doc. 1 at 6–9, ¶¶ 19–28.
[10] R. Doc. 8.
[11] R. Doc. 17.
[12] R. Doc. 23.
[13] R. Doc. 23-1 at 4–5.
[14] *Id.* at 6–14.
[15] R. Doc. 27.
[16] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[17] *See* Fed. R. Civ. P. 12(b)(1).
[18] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

2

supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[19] "[A] dismissal for lack of constitutional standing . . . should be granted under Rule 12(b)(1)."[20]

## RULE 12(b)(6) STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[21] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] "[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted."[24] However, the court does not accept as true legal conclusions or mere conclusory statements,[25] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[26]

---

[19] *In re FEMA*, 668 F.3d at 287.
[20] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 (5th Cir. 2011).
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[23] *Id.*
[24] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)) (internal quotations omitted).
[25] *Id.*
[26] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[27] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[28] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[29]

## LAW AND ANALYSIS

### I.  Plaintiff has standing to bring his constitutional claims.

Constitutional standing is a doctrine of justiciability assuring federal courts decide only Article III cases or controversies.[30] The "irreducible constitutional minimum" of standing consists of three elements.[31] "To establish standing, a plaintiff must show that: (1) he has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury,"[32] meaning that "the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative."[33] "The 'injury in fact' in an equal protection case . . . is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit."[34]

Article II, § 10(A) of the Louisiana Constitution waives sovereign immunity for the State of Louisiana and its political subdivisions.[35] Article II, § 10(C) limits the

---

[27] *Twombly*, 550 U.S. at 555.
[28] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[29] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[30] *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005).
[31] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).
[32] *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014).
[33] *W.H. Scott Const. Co. v. City of Jackson, Miss.*, 199 F.3d 206, 213 (5th Cir. 1999) (citing *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663–64 (1993)).
[34] *Ne. Fla.*, 508 U.S. at 666 (citing *Turner v. Fouche*, 396 U.S. 346, 362 (1970)).
[35] La. Const. art. II, § 10(A) ("Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.").

enforceability of judgments against state entities by exempting public property and funds from seizure by judgment creditors absent an appropriation by, in this case, the City Council.[36] In order for a federal court to enforce a judgment, a plaintiff "must demonstrate either that the City has appropriated funds for the purpose of paying plaintiffs' settlement, or that a federal interest is implicated in [the] case."[37]

Defendants argue the Court is without authority to enforce the judgment against the City.[38] They argue that, as a result, Plaintiff's injury cannot be redressed by a favorable ruling.[39] They argue Plaintiff lacks standing to bring his claims, and the Court should dismiss his claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[40]

The Court agrees that, pursuant to Article II, § 10(C) of the Louisiana Constitution, it is without authority to enforce Plaintiff's 2009 consent judgment against the City. However, unlike the plaintiffs in the cases Defendants cite, Plaintiff does not request that this Court compel the city to pay his 2009 judgment. Rather, he challenges the constitutionality of the order in which the City pays judgments and seeks a judgment based on the City's denial of his constitutional rights.

This is confirmed by the relief Plaintiff requests in his Complaint. Plaintiff alleges he is entitled to "payment for the deprivation of Plaintiffs' [*sic*] civil rights."[41] He prays for "an award of compensatory damages . . and all legal and equitable remedies in

---

[36] La. Const. art. II, § 10(C) ("[N]o judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.").
[37] *Benson*, 2015 WL 5321685, at *2.
[38] R. Doc. 23-1 at 5 (citing *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 352 F. App'x. 921 (5th Cir. 2009); *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129 (5th Cir. 1986); *Benson v. Reg. Trans. Auth.*, No. 05-2777, 2015 WL 5321685 (E.D. La. Sept. 10, 2015) (Africk, J.); *Bennett v. City of New Orleans*, No. 03-912, 2004 WL 60316 (E.D. La. Jan. 9, 2004); *Bruno v. City of New Orleans*, 724 F. Supp. 1222 (E.D. La. 1989); *Newman Marchive P'ship, Inc. v. City of Shreveport*, 979 So. 2d 1262 (La. 2008)).
[39] *Id.* at 3–5.
[40] *Id.*
[41] R. Doc. 1 at 9, ¶ 30; 10, ¶ 31.

amounts to be proven at trial."[42] Plaintiff has alleged injuries arising out of the constitutional violations he alleges, and these injuries are redressable. As a result, Plaintiff has standing to bring his constitutional claims.

## II. Plaintiff has sufficiently pleaded his Equal Protection "class of one" claim.

"The Equal Protection Clause of the Fourteenth Amendment protects individuals from state governmental action that works to treat similarly situated individuals differently."[43] "[T]he purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."[44] A plaintiff alleging an equal protection violation must either allege membership in a suspect class or show he constitutes a "class of one."[45]

Plaintiff alleges the City discriminated against him on the basis of his "political affiliation," but offers no support for the proposition that political affiliation is a suspect classification for equal protection purposes.[46] Plaintiff has not alleged he was discriminated against because he is a member of a class.[47] Rather, he alleges the City had no rational basis for giving preferential treatment to the claims of other judgment creditors.[48] Although Plaintiff does not use the words "class of one" in his Complaint, he

---

[42] R. Doc. 1 at 10.
[43] *Monumental Task Comm., Inc. v. Foxx*, No. 16-12495, 2016 WL 5780194, at *3 (E.D. La. Oct. 4, 2016) (citing *John Corp. v. City of Houston*, 214 F.3d 573, 586 (5th Cir. 2000)).
[44] *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).
[45] *Gil Ramirez Gr.p, LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 419 (5th Cir. 2015).
[46] R. Doc. 17 at 2, ¶ III.
[47] In his opposition to Defendants' motion, Plaintiff raises for the first time the possibility his race as an African American may be the basis of the City's failure to pay his judgment. R. Doc. 27-1 at 16. He alleges no facts in support of this new claim. There are no facts in the Complaint or Amended Complaint that support a claim of race discrimination. Accordingly, Plaintiff has not stated a claim for an equal protection violation on the basis of race.
[48] R. Doc. 17 at 1–3, ¶¶ 2–7.

alleges he is similarly situated to the judgment creditors whose judgments were given preferential treatment.[49]

A plaintiff may bring a claim for an equal protection violation for a "class of one" in cases in which "the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."[50] To establish a "class of one" equal protection claim, a plaintiff must show "(1) he or she was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment."[51] The Fifth Circuit "has rejected the argument that all 'class of one' equal protection claims require a showing of vindictive animus."[52] The Court finds Plaintiff has set forth sufficient factual allegations in support of a "class of one" equal protection claim.

> A. <u>Plaintiff sufficiently alleges he is similarly situated to at least one judgment creditor whose judgment was given preferential treatment.</u>

"The legal requirement that a class-of-one plaintiff's comparators be 'similarly situated' is not a requirement susceptible to rigid, mechanical application—'there is no precise formula to determine whether an individual is similarly situated to comparators.'"[53] "[T]he inquiry is case-specific and requires [a court] to consider 'the full variety of factors that an objectively reasonable decisionmaker would have found relevant in making the challenged decision.'"[54]

Plaintiff alleges he is similarly situated to the judgment creditors in three judgments issued later than his, and that he was treated differently from them because

---

[49] *Id.*
[50] *Olech*, 528 U.S. at 564.
[51] *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007) (citing *id.*).
[52] *Id.* at n.3 (citing *Mikeska v. City of Galveston*, 451 F.3d 376, 381 n.4 (5th Cir.2006).
[53] *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 233 (5th Cir. 2012) (quoting *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir.2004)).
[54] *Id.* (internal ellipsis omitted) (quoting Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1203 (11th Cir.2007)).

their judgments were paid before his, contrary to the City's stated policy of paying judgments in the ordered they are issued.[55] Two of the three judgments, for $500 and $1,375, were issued in 2005[56] in connection with the state court case *E.P. & Assocs., Inc. v. City of New Orleans*.[57] The third judgment, for $2,527,796.85, was issued in 2009[58] in connection with the state court case *Engle v. City of New Orleans*.[59]

Both Plaintiff and the judgment creditors in the three judgments had state court judgments against the City of New Orleans. Based on the facts as pleaded in the Complaint, the Court finds Plaintiff has set forth sufficient factual allegations in support of his argument that he is similarly situated to them.

>B.   Plaintiff sufficiently alleges there was no rational basis for the City's giving preferential treatment to the judgment creditors in *E.P. & Assocs., Inc.* and *Engle.*

In his Complaint, Plaintiff refers to the City's preferential treatment of the judgment creditors in *E.P. & Assocs., Inc.* and *Engle* creditor as a "blatant display of [] 'lucky' judgment creditor[s]."[60] He alleges Defendants treated the similarly situated creditors preferentially "without any rational or legal basis to do so, including, but not limited to, solely on the grounds of [Plaintiff's] political affiliation."[61] Attached to the Complaint is a table with information on the *E.P. & Assocs., Inc.* and *Engle* judgments.[62] The Court notes the payment of these judgments is contrary to the City's stated policy of paying judgments in the order they are received.[63] The Court finds Plaintiff has

---

[55] R. Doc. 1 at 6–8, ¶¶ 19–24.
[56] R. Doc. 1-10.
[57] Civ. Dist. Ct. for the Parish of Orleans, No. 09-8755.
[58] R. Doc. 1 at 7, ¶ 20.
[59] Civ. Dist. Ct. for the Parish of Orleans, No. 98-21448.
[60] R. Doc. 1 at 7, ¶ 20.
[61] R. Doc. 17 at 3, ¶ V.
[62] R. Doc. 1-10.
[63] *Id.* at 5, ¶ 15.

sufficiently alleged there was no rational basis for the City's preferential treatment of these creditors.

Defendants cite *Bennett v. City of New Orleans*,[64] in which Judge Vance held there was "a rational basis for the City's practice of paying federal court judgments before paying state court judgments," in support of the proposition that "the payment of outstanding judgment—in any order—does not create a cause of action for Davis."[65] *Bennett* holds there is a rational basis for paying federal judgments before state judgments, not that the City may pay judgments in any order. *Bennett* does not relieve the City of its constitutional obligation not to pay judgments arbitrarily without a rational basis.

### III. Plaintiff has not stated a plausible claim for a violation of the contracts clause.

The contracts clause of Article I, § 10 of the United States Constitution prohibits states from passing any "Law impairing the Obligation of Contracts." The contracts clause applies to state and municipal bonds and obligations.[66] Courts determining whether there has been a violation of the contract clause first consider whether there has been "a substantial impairment of a contractual relationship."[67] "In answering that question, the Court has considered the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from

---

[64] 2004 WL 60316, at *5.
[65] R. Doc.23-1 at 8.
[66] *See U.S. Tr. Co. of New York v. New Jersey*, 431 U.S. 1, 21 (1977) (holding repeal of a municipal bond "impaired a contractual obligation of the States"); *Borough of Fort Lee v. U.S. ex rel. Barker*, 104 F.2d 275 (3d Cir. 1939) (holding that the retroactive application of a state law restricting judgment creditors' right to recover from municipalities violated the contracts clause).
[67] *Sveen v. Melin*, 138 S. Ct. 1815, 1821–22 (2018) (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978)).

safeguarding or reinstating his rights. If such factors show a substantial impairment, the inquiry turns to the means and ends of the legislation."[68]

Plaintiff argues Defendants violated the contracts clause when Mayor Mitchell J. Landrieu included only $5 million for unpaid judgments in the 2018 Annual Operating Budget adopted by the City Council.[69] The City is still obligated to pay the judgment, and the budget does nothing to undermine the City's obligation. Plaintiff has not alleged that, in passing the budget, the City changed its course of action in any way that interfered with his reasonable expectations. The passing of the budget does not change Plaintiff's rights with respect to the judgment. The Court finds Plaintiff has not sufficiently alleged that the passing of a municipal budget substantially impaired the City's obligations under the 2009 judgment. Plaintiff fails to allege any other change in state law for purposes of the contracts clause. As a result, the Court dismisses Plaintiff's contracts clause claim.

### IV. Plaintiff has not stated a plausible claim for a violation of the takings clause.

The takings clause of the Fifth Amendment of the United States Constitution states that "private property [shall not] be taken for public use, without just compensation." "[T]he property right created by a judgment against a government entity is not a right to payment at a particular time, but merely the recognition of a continuing debt of that government entity."[70]

Plaintiff argues the City's refusal to satisfy the judgment in his case is an unconstitutional taking.[71] Plaintiff does not allege the City has disavowed the debt it owes him. The judgment does not vest Plaintiff with a right to obtain payment from the City at

---

[68] *Id.* at 1822 (citations omitted).
[69] R. Doc. 1 at 8, ¶ 26.
[70] *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 352 F. App'x 921, 924 (5th Cir. 2009).
[71] R. Doc. 1 at 9, ¶ 28.

10

a particular time. It merely recognizes the continuing debt the City owes Plaintiff. The City has not disavowed the debt. The City's refusal to pay Plaintiff at a particular time is not a taking. As a result, the Court dismisses Plaintiff's takings clause claim.[72]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss filed by Defendants Mitchell J. Landrieu, New Orleans City, and New Orleans City Council pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure be and hereby is **GRANTED** as to Plaintiff's claims under the contracts clause of Article I, § 10 of the United States and the takings clause of the Fifth Amendment and **DENIED** as to Plaintiff's claim under the equal protection clause of the Fourteenth Amendment.

**IT IS FURTHER ORDERED** that LaToya Cantrell, who succeeded Mitchell J. Landrieu as Mayor of New Orleans, be and hereby is **SUBSTITUTED** for Defendant Mitchell J. Landrieu, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.[73] The caption in the instant matter is **AMENDED** accordingly. All future pleadings must reflect a caption as styled above.

**New Orleans, Louisiana, this 26th day of November, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Plaintiff relies on *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 697 (5th Cir. 2002) for the proposition that a public entity's refusal to satisfy a judgment constitutes a taking. The court in *Vogt* found a taking not because a state court judgment created a property right to payment, but because the public entity had taken other property rights that were at stake. *Id. Vogt* is inapposite

[73] FED. R. CIV. P. 25(d) ("[W]hen a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending[, t]he officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name.").